UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE P. KALBERS,<br><br>    Plaintiff – Appellee,<br><br>v.<br><br>UNITED STATES DEPT. OF JUSTICE,<br><br>    Defendant,<br><br>VOLKSWAGEN AG,<br><br>    Intervenor-Defendant-Appellant. | No. 24-1048<br><br>D.C. No.<br>2:18-cv-08439-FMO-PJW<br>Central District of California,<br>Los Angeles<br><br>PLAINTIFF-APPELLEE'S<br>MOTION TO DISMISS |
| LAWRENCE P. KALBERS,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>UNITED STATES DEPT. OF JUSTICE,<br><br>    Defendant – Appellant,<br><br>VOLKSWAGEN AG,<br><br>    Intervenor-Defendant. | No. 24-1477<br><br>D.C. No.<br>2:18-cv-08439-FMO-PJW<br>Central District of California,<br>Los Angeles |

# **INTRODUCTION**

In this Freedom of Information Act ("FOIA") case, a distinguished college professor seeks release of records that were provided to the U.S. Department of Justice ("DOJ") following an internal investigation of Volkswagen's "clean diesel" conspiracy and cover-up.[1] *See Riley v. Volkswagen*, 51 F.4th 896, 901 (9th Cir. 2022) (describing Volkswagen's "highly reprehensible" conduct); *In re Volkswagen "Clean Diesel" Marketing, Sales, Practices, and Products Liability Litigation*, 959 F.3d 1201, 1225 (9th Cir. 2020) (describing Volkswagen's "intentional tampering with post-sale vehicles to increase air pollution").

On February 5, 2021, having previously denied DOJ's summary judgment motion, the District Court ordered DOJ to produce responsive records within two months under threat of sanctions. In the same order, the District Court firmly rejected, under Ninth Circuit law, DOJ's wholesale assertion of FOIA Exemption 3 premised on Federal Rule of Criminal Procedure 6(e). DOJ did not appeal. Rather, it filed an ex parte application for an extension on the grounds that it needed

---

[1] The FOIA request was filed on June 20, 2018 by Professor Lawrence P. Kalbers, the R. Chad Drier Chair in Accounting Ethics and formerly the Associate Dean of the College of Business Administration at Loyola Marymount University ("LMU"). *See* D.C. Dkt. 189-2, Decl. of Lawrence P. Kalbers, PhD at ¶1. His undersigned counsel, formerly a fellow faculty member at LMU, has represented Professor Kalbers *pro bono* since the beginning of this quintessential David v. Goliath battle. *Id*. at ¶5.

1

additional time to comply. The District Court gave DOJ until June 7, 2021 to do so, reiterating its earlier production order.

DOJ used the additional time not to comply, but to go forum shopping. Notwithstanding three prior orders finding that it was not litigating in good faith, DOJ tried to get a more favorable audience in the Eastern District of Michigan ("EDMI"), the venue of DOJ's closed criminal case against Volkswagen. DOJ petitioned the EDMI for an order directing DOJ *not* to produce the documents. Apparently recognizing the impropriety of DOJ's ploy, the EDMI *sua sponte* transferred the petitions back to the Central District of California within a week of when they were filed.

By then, a Special Master had been appointed to oversee the rollout of the records in accordance with the District Court's prior orders. But DOJ insisted that the petitions be addressed first. So, after repetitive and time-consuming briefing, the Special Master issued a Report and Recommendation repeating the District Court's prior conclusion with respect to the Exemption 3/Rule 6(e) issue. By way of a minute order issued on February 9, 2024, the District Court overruled DOJ's and Volkswagen's objections to the Report and Recommendation, and ordered that the parties meet and confer and submit proposals for the mechanics of the production ordered in 2021.

2

Rather than submit such a proposal, DOJ (along with Intervenor Volkswagen) seeks to appeal the minute order. But the minute order is purely ministerial, as it merely applies the February 5, 2021 ruling to the improperly filed EDMI petitions.

Having strategically chosen to inappropriately seek relief in a Sixth Circuit court in lieu of appealing the operative 2021 ruling to the Ninth Circuit, DOJ cannot reset the appellate clock by appealing the minute order. And even if DOJ (and Volkswagen) has not slept on its appellate rights, the minute order itself is not appealable. Thus, the appeal should be dismissed for lack of jurisdiction.[2]

## BACKGROUND

### A. The FOIA Request and the District Court's Orders requiring DOJ to produce responsive documents

Over six years ago, Professor Lawrence Kalbers submitted a FOIA request to DOJ for purposes of his research on the Volkswagen diesel emissions scandal.[3] He specifically sought evidence that Volkswagen appeared to have turned over to DOJ following an internal investigation of the conspiracy. Item two of the request, relevant here, sought "[a] copy of all 'factual evidence' presented by Jones Day to

---

[2] Counsel for Professor Kalbers has consulted with opposing counsel and has been advised that they oppose this motion.

[3] Professor Kalbers is the co-author of a cover story about the Volkswagen conspiracy published by a leading accounting trade journal. *See* "The Volkswagen Diesel Emissions Scandal and Accountability: Where Were the Auditors and Attorneys during the Sustainability Charade?" *The CPA Journal*, Vol. 89, No. 7 (2019); D.C. Dkt. 240-1 ¶ 2.

3

the [DOJ] as the term i[s] used on p. 295 of Volkswagen's 2017 Annual Report." D.C. Dkt. 71-8; *see also* D.C. Dkt. 79 at 3.

DOJ initially denied the request by claiming that "all responsive records in its possession were exempt from disclosure … pursuant to Exemption 7(A) of FOIA," 5 U.S.C. § 552(b)(7)(A). D.C. Dkt. 79 at 3-4. DOJ again relied solely on Exemption 7(A) (the law enforcement exemption) to deny Professor Kalbers' administrative appeal. *Id.* at 4. Professor Kalbers filed suit in the Central District of California on October 1, 2018. D.C. Dkt. 1.

Following motions practice in which the District Court overruled DOJ's objections to filing a *Vaughn* index on Exemption 7(A) grounds, D.C. Dkt. 46, DOJ moved for summary judgment. D.C. Dkt. 69. In an October 9, 2020 Order, the District Court denied the motion finding that DOJ had conducted an inadequate search. D.C. Dkt. 79 at 17 & n.7. The District Court directed DOJ to "search for and produce all documents, records, [and] notes" responsive to the request, "[u]nless covered by an applicable FOIA exemption." *Id.* at 18. The District Court also directed the parties to submit briefs proposing the format of a revised *Vaughn* index given the Court's finding that DOJ did not prepare the initial index in good faith. *Id.* at 18-19.

DOJ then argued that under Exemption 3 it was not required to produce records that "would reveal matters occurring before the grand jury, including

4

records labelled as Rule 6(e)." D.C. Dkt. 82-2 at 3; *id.* at 4 ("DOJ is careful not to disclose information or records that appear subject to Rule 6(e), such as those labeled "produced pursuant to Rule 6(e)."). It appears that Volkswagen so labelled *all* of the records that it produced to DOJ. *See* Dkt. 71-1, ¶ 85 (referring to the labeling of the records as "FOIA Confidential – Produced Pursuant to Rule 6(e).").

In a February 5, 2021 Order, the District Court considered and soundly rejected DOJ's Rule 6(e) argument, drawing heavily from *U.S. v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993) and *In re Optical Disk Drive Antitrust Litigation*, 801 F.3d 1072 (9th Cir. 2015). D.C. Dkt. 98 at 5 (Exhibit A). The District Court held that the Exemption 3/Rule 6(e) argument was "overly broad and based on an unreasonable interpretation of Rule 6(e)" that would, in essence, "allow any party that is being investigated by a grand jury to undermine the goals of FOIA … by preventing the disclosure of documents by simply turning over all documents—irrespective of whether or not they are incriminating—to the grand jury."

The District Court also concluded that there was "nothing in plaintiff's FOIA Request that seeks to discover what the grand jury actually did or did not have before it," meaning "the production of all material responsive to plaintiff's FOIA Request 'would not establish that any or all of those materials were ever presented to the grand jury, much less shed light on its inner workings.'" *Id.* at 6 (quoting *In re Optical Disk Drive*, 801 F.3d at 1077)). Further, the District Court

5

found that "documents provided by VW to the DOJ that existed prior to the issuance of a grand jury subpoena do not constitute 'matters occurring before the grand jury' within the meaning of Rule 6(e), even if [those] documents were reviewed by the grand jury." *Id.* at 7 (citing cases).

Based on its analysis of the dispositive Ninth Circuit cases, the District Court ordered that, "[n]o later than April 5, 2021, the government shall produce all responsive documents to plaintiff's FOIA Request." *Id.* at 10. "[I]n light of the [DOJ]'s lack of good faith," the District Court also decided to appoint a special master to "assist the court in examining documents and evaluating the [DOJ]'s exemption objections." *Id.* at 11-12.

On April 5, 2021, the District Court reiterated its instruction that "[t]he DOJ shall produce all documents responsive to plaintiff Lawrence P. Kalbers' [FOIA] Request …." D.C. Dkt. 106 at 1 (granting extension). Then, on April 16, 2021, the District Court reiterated its concern that DOJ had "resisted—on a largely wholesale basis—all efforts to comply with its FOIA obligations and this court's orders," "deliberately misconstrued [plaintiff's FOIA] Request by giving it a highly technical and unfair reading," and "taken the position that all responsive documents are exempt from disclosure" even though DOJ admitted it had "never reviewed" them. D.C. Dkt. 107 at 3-4 (appointing Special Master). "[T]he only thing left at this point is for the [DOJ] to comply with its FOIA obligations and the

6

court's orders," the District Court concluded *Id.* at 5.

### B. DOJ's attempt to circumvent the District Court's orders requiring it to produce documents

DOJ chose not to comply with or appeal the District Court's orders directing it to produce documents responsive to Professor Kalbers' FOIA request. Instead, in May 2021, DOJ tried to restart the litigation process in a different venue, without seeking permission.

DOJ did so by invoking Federal Rule of Criminal Procedure 6(e)(3)(F), which provides a process to obtain the *disclosure* of grand jury materials. But DOJ used the rule as an excuse to file a petition for an order of *non-disclosure* of the records sought here. *See* D.C. Dkts. 111-1, 111-2.[4] Making the very same argument in the petitions that the District Court below had already rejected, DOJ requested that the EDMI issue an order *blocking* the production of materials to Professor Kalbers. In other words, DOJ sought a ruling from a different court in a different circuit that would have been in direct conflict with the ruling of the District Court here. *See* D.C. Dkt. 111-1 at 2.

The EDMI promptly transferred the petitions back to the Central District of California where the Clerk assigned them new civil action case numbers. The

---

[4] Professor Kalbers is aware of no court that has recognized Rule 6(e)(3)(F) as authority for a non-disclosure petition, whether in the FOIA context or otherwise. In a sense, a non-disclosure petition is akin to a reverse FOIA action, which, of course, the government cannot bring.

7

District Court then consolidated the transferred petitions with the instant matter, designated Professor Kalbers' case as the lead case, and ordered the Clerk to close the transferred civil actions. *See* D.C. Dkt. 125. In the same order, the District Court referred the transferred cases to the special master previously appointed to oversee the production of the records. *Id.*

### C. The Special Master's report and recommendation on the transferred petitions

Having resisted complying with the District Court's orders and its FOIA obligations for three years, DOJ then used the EDMI petitions to stall production for another three years, forcing repetitive briefing on the previously-resolved Exemption 3 issue. Two of those years were lost to additional briefing necessitated by DOJ's insistence that Sixth Circuit law applied to this Central District of California case.[5]

In November 2021, the Special Master issued her first Report and Recommendation finding, under Sixth Circuit law, that Exemption 3 did not necessarily apply. *See* D.C. Dkt. 152. In November 2023, after reconsidering the

---

[5] DOJ's insistence that Sixth Circuit law applied even after the petitions had been returned to the District Court was an extension of its forum shopping. See D.C. Dkt. 142 at 7 n.8) ("As addressed in the Petitions, Sixth Circuit law should apply to this analysis as the court where the grand jury was empaneled."). D.C. Dkt. 159, at 2; D.C. Dkt. 179 at 7 n.3. Only after the District Court returned the Special Master's initial Report and Recommendation to her for application of Ninth Circuit law, D.C. Dkt. 190, did DOJ, in its *fifth* brief on the petitions, abruptly reverse course and concede that Ninth Circuit law applies. D.C. Dkt. 214 at 6-7.

8

issue under Ninth Circuit law, the Special Master issued a Revised Report and Recommendation (nominally the subject of this appeal) that came to the same conclusion. *See* D.C. Dkt. 253-1. In so doing, the Special Master merely reiterated the legal conclusion that the District Court had reached in February 2021: the requested documents were not barred from disclosure solely because DOJ obtained them pursuant to a grand jury subpoena. *See id.* at 14-16 (citing cases). The Special Master also expressly rejected the notion that the District Court had not already ordered the release of the records years ago. *Id.* at -27.[6]

In a minute order issued February 9, 2024, the District Court overruled DOJ's (and Volkswagen's) objections to the Special Master's "comprehensive and well-reasoned" report. D.C. Dkt. 266. (Exhibit B). The District Court then directed the parties to "meet and confer and submit to the Special Master a joint statement as to the methods for reviewing and producing responsive records." *Id.*

DOJ and Volkswagen filed notices of appeal of the minute order, using the EDMI case names. *See* D.C. Dkts. 277, 278. By order of March 29, 2024, this Court *sua sponte* consolidated the two appeals and corrected the miscaptioning, requiring that on appeal the case bear the caption used above. Dkt. 8.1.

---

[6] DOJ's attempt to delay production by arguing that the District Court had not already "authorized" the release of the records in 2021 directly contradicted DOJ's acknowledgement in the petitions that it had been ordered to release those very documents. *See* D.C. Dkt. 111-1 at 1.

9

DOJ and Volkswagen filed their opening briefs on May 20, 2024. Dkts. 20.1, 26.1. Both the DOJ and Volkswagen argue this Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, because the 2024 Minute Order "finally resolved" DOJ's petitions. Dkt. 26.1 at 15; Dkt. 20.1 at 9. Volkswagen (but not DOJ) alternatively argues the Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), because the "decision below grants relief that is injunctive in nature by ordering DOJ to issue a revised *Vaughn* index describing records obtained pursuant to a grand jury subpoena." Dkt. 26.1 at 15. The "decision below" to which Volkswagen is referring, however, is the February 5, 2021 Order. *See id.* (citing 2-ER-278).

## ARGUMENT

### I. This Court lacks jurisdiction over the appeals because they are untimely.

DOJ and Volkswagen failed to timely appeal any of the District Court's orders that explicitly directed DOJ to produce documents responsive to Professor Kalbers' request. Most significantly, they failed to appeal the February 5, 2021 order that set an unequivocal date certain for the production and resolved the critical legal question regarding Exemption 3 and the applicability of Rule 6(e). D.C. Dkt. 98. Thus, the appeals must be dismissed as untimely.

Although DOJ and Volkswagen purport to appeal the February 9, 2024 minute order, their briefs make clear that in all practical respects they are actually trying to resuscitate their lost appeal of the February 5, 2021 order. Volkswagen's

10

Statement of Jurisdiction even cites to that order as one of the bases for jurisdiction. Dkt. 26.1 at 7 (citing 2-ER278).[7]

DOJ's and Volkswagen's Statements of the Issue also reveal that the issue they purport to appeal through the minute order and that decided by the District Court in its February 5, 2021 order is one and the same. Both statements characterize the issue presented as whether documents sought in a FOIA request that were produced in response to a grand jury subpoena are necessarily exempt from disclosure under Rule 6(e). *See* Dkt. 20.1 at 4-5. Dkt. 26.1 at 8. This is precisely the issue that the District Court addressed in its February 5, 2021 order, rejecting DOJ's interpretation of Rule 6(e) as "unreasonable." *See* D.C. Dkt. 98 (Exhibit A) at 5 (applying *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1077 (9th Cir. 2015) and *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411-12 (9th Cir. 1993).

Having duly considered the Exemption 3/Rule 6(e) issue in its February 5, 2021 Order, the District Court required DOJ to produce the records. Because the order unequivocally required the production of documents, it was immediately appealable pursuant to 28 U.S.C. § 1292(a)(1); *In re Steele*, 799 F.2d 461, 465 (9th

---

[7] In so doing, Volkswagen negates its own argument, under *Hall v. Hall*, 584 U.S. 59, 77 (2018), that the minute order is appealable because the petitions somehow retained their "separate identifies." In any event, as should be amply clear here, to the extent that the petitions ever had any separate identifies, they were created by artifice.

11

Cir. 1986) (orders requiring production of documents in response to FOIA requests are immediately appealable). The time has long passed for DOJ to appeal that substantive order. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). And assuming Volkswagen has appeal rights with respect to the Exemption 3 issue, it is bound by the same deadline. *See Evans v. Synopsys, Inc.*, 34 F.4th 762, 769-70 (9th Cir. 2022) (dismissing intervenor's appeal as untimely because the time to appeal is jurisdictional and runs from "the entry of such … order or decree" being appealed, regardless of intervenor's status at the time).

In sum, while DOJ's improper and time-consuming tactics ultimately yielded a new order from the District Court, that does not entitle it (or Volkswagen) to a new deadline to appeal the February 5, 2021 order. The appeals should be dismissed as untimely.

## II. The February 5, 2024 Minute Order is not appealable under 28 U.S.C. § 1291 or 28 U.S.C. § 1292(a)(1).

Rather than timely appeal the District Court's orders directing it to produce documents, DOJ went forum-shopping. Hoping for a better result under Sixth Circuit law, DOJ used the petitions to try to create a conflict by asking the EDMI to *block* the production of documents that the District Court below *had already ordered*. The eventual minute order from the District Court simply set back in motion the long-delayed rollout of the records. The minute order is not appealable because it is neither final nor imposes injunctive relief under FOIA.

12

The February 9, 2024 minute order exists solely because DOJ chose to forum shop rather than to comply with or appeal the District Court's February 5, 2021 order. It does no more than reinstate the status quo. In no real sense can it be said that the minute order "fully adjudicated the issues." *United States v. Allahyari*, 99 F.4th 486, 491 (9th Cir. 2024). And by stark contrast to the February 5, 2021 order, it did not order any disclosure. *See Church of Scientology v IRS*, 995 F.2d 916, 921 (9th Cir. 1993) (applying *Steele* to find order unappealable where disclosure not required). Rather, as explained above, the minute order merely directs the parties to "meet and confer" and submit proposals regarding the timeline and method of production that was ordered in 2021.

The Supreme Court has rejected litigants' efforts to manufacture jurisdiction where it otherwise does not exist. *See Microsoft v. Baker*, 582 U.S. 23, 39 (2017) (rejecting "inventive litigation ploys" to sidestep the final judgment rule). This Court should do the same. The manipulative and time-consuming tactics DOJ deployed in this case not only fall well outside the contours of a healthy legal system as envisioned in *Baker*, but also interfere with the district court's role as the "enforcement arm" of FOIA. Animal Legal Defense Fund v. UDA, 935 F.3d 858, 873 (9th Cir. 2019).[8] DOJ simply cannot be permitted to circumvent the final

---

[8] The government's scorched earth tactics in this case also are not unlike those used in *Ibrahim v. DHS*, 912 F.3d 1147 (9th Cir. 2019) (en banc).

13

judgment rule and prolong FOIA cases by forcing them to be litigated simultaneously in two different districts, with appeal rights in each.[9]

In attempting to get a second shot at the apple on its tenuous Exemption 3/Rule 6(e) argument in what it hoped would be a more receptive forum, DOJ's inventive litigation ploy was designed not only to subvert the jurisdiction of the Central District of California, but also the jurisdiction of the Ninth Circuit. Having chosen to forego review by this Court when it had the opportunity, DOJ cannot take further advantage of the ploy to claim appeal rights now that it has failed.

The minute order neither constitutes a final decision within the meaning of 28 U.S.C. § 1291 nor an injunction within the meaning of 28 U.S.C. § 1292(a)(1). Thus, the minute order is not appealable.

---

[9] The Ninth Circuit and district courts within it consistently have noted the importance of the government releasing information in a timely manner in FOIA cases. *See* First Amendment Coalition v. U.S. Dep't of Justice, 878 F.3d 1119, 1129 (9th Cir. 2017) (quoting earlier opinions noting "that *when* information is delivered may be as important as *what* information is delivered) (emphasis original; citations omitted); Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1041 (9th Cir. 1999) ("value of information is partly a function of time").

14

## CONCLUSION

There is no legal basis for this appeal to proceed to the merits stage and thereby add further delay to the six years that Professor Kalbers has been waiting for the records. The appeal should be dismissed for lack of jurisdiction.

Dated: July 1, 2024                     Respectfully submitted,

*/s/ Daniel Jacobs*
Daniel Jacobs
Attorney-at-Law
P.O. Box 733
Los Angeles, CA 90294
Telephone: (310) 933-6998
Email: AttorneyJacobs@verizon.net
*Attorney for Professor Lawrence P. Kalbers*

15